30 F.3d 132
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dennis Dale LOCKWOOD, Defendant-Appellant.
 No. 93-5661.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 7, 1994.
Decided Aug. 3, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Jackson L. Kiser, Chief District Judge. (CR-93-153-R)
 Lance M. Hale, Law Offices of Lance M. Hale, Esq., P.C., Roanoke, VA, for appellant.
 Robert P. Crouch, Jr., U.S. Atty., S. Randall Ramseyer, Asst. U.S. Atty., Abingdon, VA, for appellee.
 W.D.Va.
 AFFIRMED.
 Before WILLIAMS and MICHAEL, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Dennis Dale Lockwood appeals his conviction for possession of a firearm by a convicted felon. He contends that the United States Attorney violated his right to a speedy trial and requests that his indictment be dismissed. Because we find that Lockwood is not entitled to the relief sought, we affirm his conviction.
 
 
 2
 * On January 3, 1992, in the course of a theft investigation, Investigator Richard Brookings of the Culpeper (Virginia) Town Police executed a search warrant at Lockwood's residence. After Brookings found stolen property and two firearms, Lockwood was arrested, charged, and convicted of breaking and entering and grand larceny in Culpeper Circuit Court. On May 19, 1992, he was sentenced to four years imprisonment in a Virginia institution on each of those charges.
 
 
 3
 On December 9, 1992, a federal grand jury indicted Lockwood on the charge of possession of two firearms by a convicted felon in violation of 18 U.S.C.A. Sec. 922(g)(1) (West Supp.1993). On December 15, 1992, a federal detainer was filed against Lockwood at the Greenwood State Correctional Facility in Virginia.
 
 
 4
 On March 1, 1993, Lockwood was arraigned on the federal charge and entered a plea of not guilty. On March 11, 1993, he moved to dismiss the indictment based on alleged violations of the Speedy Trial Act and the Sixth Amendment. After a hearing on the matter, the district court denied the motion to dismiss on March 26, 1993.
 
 
 5
 On April 19, 1993, Lockwood entered a conditional plea of guilty and reserved the right to appeal the court's denial of his motion to dismiss. Based on Lockwood's substantial criminal history, which included four armed robbery convictions, the district court enhanced his sentence and sentenced him to 188 months of incarceration. Lockwood timely appealed and seeks reversal of his conviction.
 
 II
 
 6
 Lockwood alleges that the United States Attorney violated Sec. 3161(j) of the Speedy Trial Act, 18 U.S.C.Secs. 3161-3174 (West 1985 & Supp.1994), by failing promptly to arraign him after the detainer was issued.
 
 
 7
 A violation of Sec. 3161(j) may subject the Government's attorney to fines, suspension, or the filing of a report with the disciplinary committee. 18 U.S.C. Sec. 3162(b)(4). However, the remedy of dismissal of the indictment sought by Lockwood is not available. United States v. Dawn, 900 F.2d 1132, 1135-36 (7th Cir.), cert. denied, 498 U.S. 949 (1990). Because Lockwood is not entitled to dismissal, it is unnecessary to decide whether the Government complied with the requirements of Sec. 3161(j).
 
 III
 
 8
 Lockwood also argues that the delay from his arrest on state charges until he pled guilty on the federal charges violated the Sixth Amendment. We disagree.
 
 
 9
 The Sixth Amendment right to a speedy trial attaches at the time a defendant is accused of crime; a defendant is accused only upon arrest or indictment. United States v. MacDonald, 456 U.S. 1, 6 (1982); United States v. Marion, 404 U.S. 307, 313 (1971).
 
 
 10
 Lockwood was not indicted on the federal charge until December 9, 1992. The period between his state arrest and federal indictment is irrelevant for a Sixth Amendment inquiry. See MacDonald, 456 U.S. at 6 (time period between dismissal of military charges and indictment on federal criminal charges is immaterial for Sixth Amendment purposes); see also United States v. Daniels, 698 F.2d 221, 223 (4th Cir.1983) (segregative confinement of prison inmate is not equivalent to arrest). Accordingly, the delay is measured from the time he was indicted on his federal charge until he pled guilty. Because this delay--131 days--was significantly less than a year, it was not sufficient to trigger a speedy trial inquiry. Doggett v. United States, 60 U.S.L.W. 4741, 4742 n. 1 (U.S.1992).
 
 
 11
 Because Lockwood is not entitled to the relief sought, we affirm his conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 12
 AFFIRMED.